UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARMEN NILDA COLON RIVERA,   )
       Plaintiff,   )
          )
     v.   )
          )   CIVIL ACTION NO. 11-10070-NMG
          )
MICHAEL J. ASTRUE, COMMISSIONER   )
OF THE SOCIAL SECURITY   )
ADMINISTRATION, ET AL.,   )
       Defendants.   )

## MEMORANDUM AND ORDER

GORTON, D.J.

On January 7, 2011, Plaintiff Carmen Nilda Colon Rivera ("Colon"), a resident of Boston, Massachusetts, filed a self-prepared Complaint.[1] The Complaint is sparse and set forth in narrative form; essentially however, Colon seeks judicial review of the denial of Social Security disability benefits, pursuant to 42 U.S.C. § 405(g). She also seeks damages for pain and suffering, and names three other Defendants apart from the Commissioner of the Social Security Administration, including: (1) Robert M. Wilson, a Member of the Decision Review Board; (2) A. George Lowe, another member of the Review Board; and (3) Mrs. O'Kane, from the Roxbury Massachusetts Office. Colon alleges that she did not receive a fair hearing and that Mrs. O'Kane "misled" all her medical information. Compl. at 1.

Along with the Complaint, Colon filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 3). Additionally, Colon's husband, Tomas Colon, filed a pleading entitled "Motion to Represent My Wife Carmen Nilda Colon" (Docket No. 2). He seeks to pursue this action on behalf of his wife, alleging that her memory is not clear, she does not speak English well, and

---

[1] This action was originally assigned to Magistrate Judge Jennifer C. Boal; on January 13, 2011, an Electronic Order of reassignment entered and this action was assigned randomly by the Clerk's Office to the undersigned on January 18, 2011.

that she wants him to pursue this matter for her.

DISCUSSION

I.      Substitution of Commissioner Michael J. Astrue as a Party

In her Complaint, Colon has named as the primary Defendant as the Social Security Administration (the federal agency) itself rather than the proper Defendant, Michael J. Astrue, Commissioner. Accordingly, it is Ordered that Michael J. Astrue shall be substituted as the Defendant in this action. See 42 U.S.C. § 405(g).

II.     The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Colon's financial disclosures, this Court finds that she has demonstrated sufficiently that she lacks funds to pay the $350.00 filing fee for this action.

Accordingly, Colon's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is ALLOWED.

III.    Tomas Colon's "Motion to Represent My Wife"; Declination to Appoint *Pro Bono* Counsel

Although Colon's husband, Tomas, may have power of attorney to represent his wife's interest, that does not mean that he has the authority to act as her legal representative in this Court. Section 1654 of Title 28 of the United States Code does not allow unlicenced lay-people to represent other individuals. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991); 28 U.S.C. § 1654. Moreover, this Court's Local Rules prohibit such representation. See Local Rule 83.5.3(c). ("A person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only on his own behalf.").

It does not appear that Tomas Colon is a licensed attorney. Accordingly, Tomas Colon's Motion to Represent My Wife (Docket No. 2) is <u>DENIED</u>, and he is prohibited from appearing in Court on her behalf and from signing any pleadings on her behalf. This ruling does not prevent Colon from seeking guidance from her husband; she is free to accept or reject assistance from whatever source. Nevertheless, Tomas Colon may not, in any fashion, act as her legal counsel in this Court.

In view of this ruling, the Court has considered whether this action warrants the appointment of *pro bono* counsel for Colon, given that it is alleged that she is not proficient in English and has memory problems. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[2] However, a civil plaintiff lacks a constitutional right to free counsel. <u>DesRosiers</u> v. <u>Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. <u>Id.</u> To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the Court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. <u>Id.</u> at 24.

At this juncture, the Court does not find this matter presents complex or novel issues of law. Further, absent a response from the Commissioner in this matter, and in light of the dismissal of Colon's remaining claims for the reasons discussed below, this Court cannot find that exceptional circumstances exist that would warrant appointment of counsel and the

---

[2] In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. *Cf.* 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

expenditure of scarce *pro bono* resources; therefore the Court declines to appoint counsel at this time. Colon may make her own efforts to seek out legal advice, assistance, or legal representation in this matter. Toward that end, the Clerk shall provide Colon with the Court's List of Legal Service Providers, so that she may seek out legal assistance or representation at no cost or low cost.

IV. Screening of the Complaint

Because Colon is proceeding *in forma pauperis*, her Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). Complaints filed *in forma pauperis* may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.*;* Denton, 504 U.S. at 32-33.

The court liberally construes Colon's Complaint because she is proceeding *pro se.* See Hughes v. Rowe*,* 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Upon review of the Complaint, the Court finds her claims against all Defendants apart from Commissioner Astrue must be dismissed for failure to state a claim upon which relief may be granted.

V. Failure to State Claims Upon Which Relief May Be Granted

Broadly construed, Colon's Complaint asserts due process claims against three federal Defendants (Robert M. Wilson, A. George Lowe, and Mrs. O'Kane) in connection with the underlying hearing by the Social Security Administration concerning her application for benefits. These claims are not set forth in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure.[3] Nevertheless, considering these as purporting to assert <u>Bivens</u>[4] claims, the Court finds that these claims must be dismissed because there is no <u>Bivens</u> liability of the Defendants with respect to matters involving the denial of Social Security benefits.

In addressing the question whether federal actors may be sued under <u>Bivens</u> in the context of challenges to an agency decision denying benefits:

> [T]he Supreme Court has held that a <u>Bivens</u> action does not lie for denial of Social Security benefits. The Ninth Circuit recently summarized: "[t]he Supreme

---

[3]Rule 10 of the Federal Rules of Civil Procedure governs the form of pleadings, and requires a party state the claim or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). Rule 8 governs the substance of the pleadings. Rule 8(a) requires a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" <u>Bell Atlantic Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); <u>see</u> <u>Rivera</u> v. <u>Rhode Island</u>, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "['] meaningful opportunity to mount a defense.'" <u>Díaz-Rivera</u> v. <u>Rivera-Rodríguez</u>, 377 F.3d 119, 123 (1st Cir. 2004)(quoting <u>Rodriguez</u> v. <u>Doral Mortgage Corp.</u>, 57 F.3d 1168, 1172 (1st Cir. 1995)). <u>See</u> <u>Redondo-Borges</u> v. <u>U.S. Dept. of Housing and Urban Dev.</u>, 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." <u>Educadores Puertorriqueños en Acción</u> v. <u>Hernández</u>, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" <u>Id.</u> (quoting <u>Gooley</u> v. <u>Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988)).

[4]Under the doctrine enunciated in <u>Bivens</u> v. <u>Six Unknown Named Agents</u>, 403 U.S. 388 (1971), a plaintiff may "vindicate certain constitutionally protected rights through a private cause of action for damages against <u>federal officials</u> in their individual capacities." <u>DeMayo</u> v. <u>Nugent</u>, 517 F.3d 11, 14 (1st Cir. 2008) (emphasis added).

> Court has instructed us that a Bivens action does not lie where a comprehensive federal program, with extensive statutory remedies for any federal wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies." Adams v. Johnson, 355 F.3d 1179, 11-83-84 (9th Cir. 2004) (citing Schweiker v. Chilicky, 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) ("When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies.")); see also Hooker v. U.S. Dept. of Health and Human Services, 858 F.2d 525, (9th Cir.1988) (42 U.S.C. § 405(h) bars state law tort claim under Federal Tort Claims Act.)

Deuschel v. Barnhart, 2004 WL 5542429, * 5 (E.D. Cal. 2004).

Deuschel expounded further in this matter, stating that: "[t]he Social Security Act contains a comprehensive system for review of actions taken in the course of administering it ...." Id. at *6. Further, in discussing the Supreme Court's jurisprudence with respect to Bivens, Deuschel noted:

> "[T]he Court has cautioned against extending Bivens into new areas or recognizing new rights or claims. The Court has emphasized that so long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclose judicial imposition of a new substantive liability. Implied remedies premised on violations of constitutional rights are not created to fill in gaps of existing relief to which plaintiffs are already entitled." Libas Ltd. v. Carillo, 329 F.3d 1128, 1130 (9th Cir. 2003). The Social Security Act having provided for a comprehensive system to challenge the decisions of which [plaintiff] complains, a Bivens action against individuals does not lie. That determination, however, does not end the matter. Plaintiff may nevertheless be entitled to obtain judicial review of her claim against the Commissioner that the procedures followed by the social security administration ... violated due process.

Deuschel, 2004 WL 5542429, at * 6 [brackets added]; See 42 U.S.C. § 405(h) (providing for finality of the Commissioner's decision, and providing, *inter alia*, that: "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this

subchapter.").

Accordingly, in light of the above, Colon's claims against Defendants Robert M. Wilson, A. George Lowe, and Mrs. O'Kane are <u>DISMISSED</u> *sua sponte*.[5]

The Court will permit this action to proceed only against Commissioner Astrue, as a claim for judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g) (judicial review). Should Colon seek to include any other claims in this matter, she must file an Amended Complaint in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure.

VI.   <u>Issuance of Summonses and Service by the United States Marshal Service</u>

The Court will direct the Clerk to issue summonses with respect to Commissioner Astrue only. Since Colon is proceeding *in forma pauperis*, the Court will also order the United States Marshal Service to effect service of process as directed by Colon.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby Ordered that:

1.   Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is <u>ALLOWED</u>;

2.   Tomas Colon's Motion to Represent My Wife (Docket No. 2) is <u>DENIED</u>. As a non-attorney, Tomas Colon may not represent his wife in this action;

3.   The Court <u>DECLINES</u> to appoint *pro bono* counsel for Plaintiff. The Clerk shall send to Plaintiff the Court's List of Legal Service Providers;

4.   Commissioner Michael J. Astrue is substituted for the Social Security Administration;

5.   Plaintiff's claims against Defendants Robert M. Wilson, A. George Lowe, and Mrs. O'Kane are <u>DISMISSED</u> in their entirety. This action shall proceed only as a claim against Commissioner Astrue pursuant to 42 U.S.C. § 405(g) to challenge the final agency decision denying benefits;

---

[5]This dismissal is not intended to constitute a separate and final judgment.

6. The Clerk shall issue summonses with respect to Commissioner Astrue only;

7. The Clerk shall send the summonses, a copy of the Complaint, and this Memorandum and Order to the Plaintiff, along with the standard forms for service. Plaintiff must thereafter serve the Defendant(s) in accordance with Federal Rule of Civil Procedure 4(m); and

8. The Plaintiff may elect to have service made by the United States Marshal Service. If directed by the Plaintiff to do so, the United States Marshal shall serve the summons(es), a copy of the Complaint, and this Memorandum and Order upon the Defendant(s), in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED: January 21, 2011