| | | |
|---|---|---|
| CARMEN NILDA COLON RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-10070-NMG |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION ON
## CROSS-MOTIONS REGARDING DENIAL OF
## <u>SOCIAL SECURITY DISABILITY INSURANCE BENEFITS</u>

January 19, 2012

DEIN, U.S.M.J.

## I.  <u>INTRODUCTION</u>

Plaintiff Carmen Nilda Colon Rivera ("Colon Rivera") has brought this action <u>pro se</u>, pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in order to challenge the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Social Security Disability Insurance ("SSDI") benefits.  The matter is presently before the court on the plaintiff's motion for an order reversing the Commissioner's decision (Docket No. 14),[1] and on the "Defendant's Motion for Judgment Affirming the Commissioner's Decision" (Docket No. 24).

---

[1]  This court has construed a letter from the plaintiff challenging the Commissioner's decision to deny her benefits as a motion for an order reversing the Commissioner's decision.

In support of her appeal, Colon Rivera claims that she was disabled as of December 31, 1998, the date when she was last insured, due to an injury to her left knee that occurred on June 23, 1998, while she was working at a bakery. She further claims that the Administrative Law Judge ("ALJ"), in reaching her decision that the plaintiff was not disabled through December 31, 1998, mistakenly focused on records relating to an old claim for Supplemental Security Income ("SSI") benefits that Colon Rivera had filed in 1990, and failed to consider medical records, which the Social Security Administration ("SSA") should have obtained from her treatment providers, describing the nature and extent of the June 1998 knee injury. Thus, Colon Rivera is not challenging the ALJ's decision that, based on the evidence contained in the administrative record, the plaintiff was not disabled as of the date when she was last insured. Rather, the issue raised by the parties' motions is whether the plaintiff is entitled to a remand so that the ALJ can consider additional evidence concerning her knee impairment, and render a decision as to whether, as a result of that impairment, Colon Rivera was disabled as of December 31, 1998.

For all the reasons detailed below, this court recommends to the District Judge to whom this case is assigned that the defendant's motion to affirm the Commissioner's decision be DENIED, and that the plaintiff's motion to reverse the Commissioner's decision be ALLOWED IN PART and DENIED IN PART. Specifically, this court recommends that the matter be remanded to the ALJ for consideration of medical records relating to Colon Rivera's June 23, 1998 knee injury, and for a determination as to

whether Colon Rivera was disabled, as of the date when she was last insured, as a result of that knee injury.

## II.  <u>STATEMENT OF FACTS</u>[2]

Colon Rivera was born in 1963, and has an eighth grade education.  (Tr. 28, 31). Although she moved to the United States from Puerto Rico in about 1982, Colon Rivera is limited in her ability to speak and read English, and is unable to write in English.  (Tr. 31-32).  Additionally, the record indicates that the plaintiff had difficulty communicating with personnel at the SSA who interviewed her in connection with her claim for SSDI benefits.  (<u>See</u> Tr. 160,198).  It further indicates that the plaintiff has trouble concentrating and recalling information due to her depression and the number of medications she takes for her physical and mental health conditions.  (Tr. 199).

### <u>Procedural History</u>

On September 9, 2008, Colon Rivera and her husband met with an interviewer at the SSA in order to complete an application for SSDI benefits.  (Tr. 132-35).  During the meeting, the interviewer noted that the plaintiff had difficulties with understanding, coherency, concentration, talking, answering and sitting.  (Tr. 159-60).  She also noted that the plaintiff exhibited little interest in the interview, and had a limited ability to speak

---

[2] References to pages in the transcript of the record proceedings shall be cited as "Tr. __."  The ALJ's decision shall be cited as "Dec." and can be found beginning at Tr. 10.  This court's Statement of Facts is limited to those facts that are relevant to the issue raised by the parties' cross-motions.  Details regarding such matters as the plaintiff's medical history can be found in the administrative record.

English.  (Tr. 160).  Colon Rivera's husband answered most of the questions that were posed by the interviewer.  (Tr. 160).

According to the electronic application materials completed by the interviewer, Colon Rivera claimed that she had been unable to work since August 11, 1990, due to depression, nerve damage, and arthritis in her spine.  (Tr. 132, 182).  However, the plaintiff asserts that those materials misstate the nature of her claim.  Specifically, the plaintiff contends that when she applied for SSDI benefits on September 9, 2008, she told the interviewer that the 1990 onset date related to an old claim for SSI benefits which had been closed, and that she wanted to open a new claim based on a left knee injury that had occurred on June 23, 1998.  (Docket No. 26 at 1).[3]  She further contends that the interviewer nevertheless wrote down August 11, 1990 as the date of onset of Colon Rivera's alleged disability.  (Id.).  As detailed below, the record was never altered to reflect an onset date of June 23, 1998, or to indicate that the plaintiff's claim was based solely on the injury to her left knee.

In connection with her application, the plaintiff did provide the agency with the name and contact information of medical providers who treated her for problems relating to her left knee.  In particular, the plaintiff identified Joseph Abate, M.D. of Everett, Massachusetts as a physician who performed knee surgery and treated her for knee problems during the time period from November 1998 through October 2001.  (Tr. 236).

---

[3]  The plaintiff has filed three separate memoranda in support of her motion to reverse the Commissioner's decision.  This court has cited to those memoranda by Docket number.

Additionally, Colon Rivera identified Whidden Memorial Hospital in Everett, Massachusetts as the facility where she underwent knee surgery and received physical therapy and orthopedic care during the time period between 1998 and 2004. (Tr. 237-38). However, there are no medical records in the administrative record from Dr. Abate's office or from Whidden Memorial Hospital that describe any treatment relating to Colon Rivera's left knee.

Colon Rivera's claim was denied initially on December 22, 2008, and on February 18, 2009, the plaintiff obtained counsel to represent her with respect to her appeal. (Tr. 63-66). According to the plaintiff, her lawyer had no experience with Social Security matters, and did little to assist her with her claim. (Docket No. 26 at 2). On June 26, 2009, the plaintiff's claim was denied again on reconsideration. (Tr. 67-69). Colon Rivera alleges that her lawyer resigned shortly thereafter, after telling the plaintiff that there was nothing more he could do for her. (Docket No. 26 at 2).

The plaintiff claims that following the denial of her claim on reconsideration, she again attempted to correct the record regarding the alleged onset date of her disability. Specifically, she alleges that she met with a Spanish speaking employee at SSA, and explained that she was claiming disability due to an injury that she sustained to her knee on June 23, 1998. (Id.; Docket No. 27 at 3). She further asserts that despite receiving assurances from the employee that the record had been corrected, her claim continued to reflect an alleged onset date of August 11, 1990. (Docket No. 26 at 2).

The plaintiff requested and was granted a hearing before an ALJ, which took place in Boston, Massachusetts on August 4, 2010.  (Tr. 24-57, 71-72, 96-101).  During the hearing, Colon Rivera was represented by new counsel and was aided by a Spanish speaking interpreter.  (See Tr. 24-25).  Colon Rivera asserts that due to a lack of communication between her attorney and a paralegal with whom the plaintiff had spoken regarding her claim, her attorney misunderstood that she was claiming disability due to her left knee injury.  (Docket No. 26 at 3).  Accordingly, her attorney failed to clarify the nature and scope of her claim.  (See Mot. (Docket No. 14) at 1).  Colon Rivera also made no attempt to explain the misunderstanding to the ALJ.  (See Tr. 24-57).

The ALJ heard testimony from the plaintiff, a medical expert, and a vocational expert.  (Id.).  Notably, during the hearing, the ALJ asked Colon Rivera questions about the 1998 injury that the plaintiff had sustained to her left knee.  (Tr. 42-43).  The plaintiff explained that she was injured while working for the Pillsbury bakery in 1998, and that the injury had resulted in surgery on her left knee.  (Id.).  Both the ALJ and the medical expert noted that there was no evidence regarding a knee or left leg injury in the record before the ALJ.  (Tr. 43, 47).  Nevertheless, the ALJ did not offer the plaintiff an opportunity to submit such evidence, and Colon Rivera made no request to do so.

On August 13, 2010, the ALJ issued a decision denying Colon Rivera's claim for benefits on the grounds that the plaintiff "was not under a disability, as defined in the Social Security Act, at any time from August 11, 1990, the alleged onset date, through December 31, 1998, the date last insured[.]"  (Dec. Finding # 11; Tr. 18).  It is undis-

puted that the ALJ, in reaching her decision, applied the five-step evaluation required by 20 C.F.R. § 404.1520.  See also McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1120 (1st Cir. 1986) (the Social Security regulations prescribe a "five-step sequential inquiry into whether or not an applicant for benefits should be considered 'disabled' and thus eligible for benefits.").  However, Colon Rivera contends that the ALJ erred by focusing on the wrong onset date and outdated medical evidence, and by failing to consider any medical records relating to her June 23, 1998 knee injury.  (See Docket No. 29 at 2-4).

In reaching her decision, the ALJ determined that during the time period from August 11, 1990 through the date last insured, Colon Rivera suffered from the severe impairments of arthritis and winged scapula status post shoulder surgery, and from the non-severe impairments of tendonitis and depression, but that she nevertheless retained the residual functional capacity ("RFC") to perform the full range of light work.  (Dec. 4-5; Tr. 13-14).  The ALJ also concluded that even if the plaintiff were limited to unskilled work with simple tasks, given her age, education, work experience and RFC, there still were a significant number of jobs in the national economy that Colon Rivera could have performed through the date when she was last insured.  (Dec. 8-9; Tr. 17-18).  Accordingly, the ALJ concluded that Colon Rivera was not disabled during the relevant time period.  (Dec. 9; Tr. 18).

In connection with her determination that the plaintiff retained the RFC to perform light work, the ALJ acknowledged that Colon Rivera was alleging an inability to work

due to various impairments, including a left knee injury, but that injury was apparently not the one which the plaintiff contends occurred in 1998 and was disabling. (Dec. 5; Tr. 14). Thus, while the ALJ determined that the plaintiff's knee injury would not have prevented her from performing the full range of light work during the time period in which she was insured, the ALJ did not have before her the relevant medical records. As the ALJ stated in her decision:

> In terms of the claimant's alleged ... left knee injury, she testified that she injured her knee in or while working for Pillsbury and for which she required surgery (Hearing Testimony). August 1994 treating notes show her left knee was normal (Ex. 1F). In February 1995, treating notes show that some previously reported left knee pain and weakness had largely resolved (*Id.*). Although she testified to having undergone surgery on her left knee, there is no evidence of record of any such surgery (*Id.*).

(Dec. 6; Tr. 15). In sum, although Colon Rivera testified at the hearing that she had been injured while working for Pillsbury in 1998, and provided the SSA with the names of medical providers who had treated her knee during the time period from October 1998 to 2004, the ALJ relied on treatment notes which pre-dated the injury to support her conclusion regarding the plaintiff's RFC. (See Tr. 42).

Colon Rivera's claim was selected for review by the SSA's Decision Review Board. (Tr. 7). On August 20, 2010, the plaintiff's husband sent a letter to the Decision Review Board in which he attempted to clarify the nature of Colon Rivera's claim. (Tr. 247). Specifically, the plaintiff's husband explained in his letter that the wrong information had been put into Colon Rivera's application for benefits on September 9, 2008, and

that her claim was based on an injury to her left knee that had occurred in June 1998, rather than on a prior injury that had occurred on August 11, 1990.[4] (Id.). He also explained that the plaintiff had stopped working in October 1998 due to the pain in her knee, and had subsequently undergone two separate knee surgeries. (Id.). Furthermore, he identified Dr. Abate at Whidden Memorial Hospital in Everett, Massachusetts as the surgeon who performed the knee surgeries, and provided the Board with contact information so that the agency could request relevant medical records. (Id.).

The Decision Review Board accepted the letter from the plaintiff's husband and made it part of the record, but there is no indication that any effort was made to obtain additional medical records. (See Tr. 4). After reviewing the letter and the ALJ's decision, the Decision Review Board determined that there was not a sufficient basis for overturning the ALJ's decision. (Tr. 1). As the Board stated in its Notice of Decision of Review Board Action:

> You contend that you injured your knee in June 1998, but treatment records from November 26, 1998 to April 12, 2000, do not mention any complaints of knee pain or diagnose a knee impairment. (Exhibit 1F, pages 198-202). In addition, the medical expert, who testified at your hearing, reviewed all of the medical evidence and testified that there was no evidence of a knee impairment through December 31, 1998, the date that your insured status expired.

---

[4] The letter from plaintiff's husband to the Decision Review Board lends credibility to the plaintiff's argument that SSA staff misunderstood the nature of her claim, and indicates that her arguments are not simply an ad hoc effort to concoct an argument for this court on appeal.

(Id.).  Accordingly, the Decision Review Board affirmed the ALJ's decision, thereby making it the final decision of the Commissioner for purposes of review.  (Id.).

<h3 align="center">Plaintiff's Proffer of Additional Evidence</h3>

During the hearing before this court on the parties' cross-motions, the plaintiff[5] reiterated her position that the ALJ had misunderstood the nature of her claim and had relied on irrelevant medical records regarding her earlier claim for SSI benefits rather than on relevant evidence relating to her 1998 knee injury.  She also presented medical records, including but not limited to records from Dr. Abate and Whidden Memorial Hospital, which describe treatment she received for her left knee during the time period from July 9, 1998 through December 19, 2002.[6]  As described above, those records were not part of the record before the ALJ, and were not previously submitted to or obtained by the SSA.  Although many of those records are dated after December 31, 1998, the date when Colon Rivera was last insured, they relate to the injury that allegedly occurred when the plaintiff was working for the Pillsbury bakery in June 1998.

Additional factual details relevant to this court's analysis are described below where appropriate.

<h2 align="center">III.  ANALYSIS</h2>

---

[5]  During the hearing, Colon Rivera's husband spoke as the interpreter for the plaintiff.

[6]  The records submitted to the court during the hearing consist of nine sets of stapled documents, which have been labeled "Court Package" and sorted by dates of treatment. References to pages in the Court Package shall be cited as "Ct. Pkg. [date], p. __."

## A.    Standard of Review

Colon Rivera is seeking judicial review of the Commissioner's final decision

pursuant to the Social Security Act, § 205(g), 42 U.S.C. § 405(g) (the "Act"), which

provides in relevant part that:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action .... The court shall have power to
> enter, upon the pleadings and transcript of the record, a judgment
> affirming, modifying, or reversing the decision of the Commissioner
> of Social Security, with or without remanding the cause for a re-
> hearing. The findings of the Commissioner of Social Security as to
> any fact, if supported by substantial evidence, shall be conclusive ....

42 U.S.C. § 405(g). The Supreme Court has defined "substantial evidence" to mean

"more than a mere scintilla. It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401,

91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (quoting Consol. Edison Co. v. NLRB,

305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)); accord Irlanda Ortiz v.

Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

It has been explained that:

> In reviewing the record for substantial evidence, [the court is] to
> keep in mind that "issues of credibility and the drawing of permis-
> sible inference from evidentiary facts are the prime responsibility of
> the [Commissioner]." The [Commissioner] may (and, under his
> regulations, must) take medical evidence. But the resolution of
> conflicts in the evidence and the determination of the ultimate
> question of disability is for him, not for the doctors or for the courts.
> [The court] must uphold the [Commissioner's] findings in this case

> if a reasonable mind, reviewing the record as a whole, could accept
> it as adequate to support his conclusion.

Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981) (quoting

Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). Thus,

on an appeal of a denial of SSDI benefits, the court is "not called upon to examine the

evidence as initial factfinder. Rather, [the court's] review is limited to a determination of

whether the findings of the [Commissioner] were supported by substantial evidence."

Deblois v. Sec'y of Health & Human Servs., 686 F.2d 76, 79 (1st Cir. 1982).

The burden is on the plaintiff to prove that she is disabled in order to establish her

right to disability insurance benefits. See Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.

Ct. 2287, 2294, 96 L. Ed. 2d 119 (1987). To be considered disabled, the plaintiff must

have an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12

months[.]" 42 U.S.C. § 423(d)(1)(A). The impairment must be of "such severity that

[s]he is not only unable to do [her] previous work but cannot, considering [her] age,

education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). Furthermore, to

qualify for SSDI benefits, an individual must become disabled during the period under

which she is insured by the program. See 20 C.F.R. § 404.131. In the instant case, it is

undisputed that Colon Rivera was last insured on December 31, 1998. (Dec. 2; Tr. 11;

Docket No. 26 at 3). Therefore, the plaintiff had the burden of establishing that she was disabled as of that date.

As described above, Colon Rivera does not dispute that there is substantial evidence in the administrative record to support the ALJ's finding that the plaintiff was not disabled during the relevant time period. Instead, Colon Rivera contends that due to a misunderstanding of her claim by SSA staff, the ALJ was misled into considering an old claim for SSI benefits, and failed to focus on the plaintiff's left knee impairment or to realize that there was a gap in the medical records. For the reasons that follow, this court recommends that the matter be remanded to the ALJ for consideration of medical records relating to the plaintiff's June 23, 1998 left knee injury, and for a determination as to whether Colon Rivera was disabled, as a result of that injury, as of December 31, 1998, the date when she was last insured.[7]

### B.    Requirements for Remand

The Social Security Act provides in relevant part that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). In the instant case, the new evidence consists of medical records describing treatment for Colon Rivera's left knee injury during the time period

---

[7] This court expresses no opinion as to the likely outcome of this determination.

from July 9, 1998 through December 19, 2002. Under 42 U.S.C. § 405(g), a remand is appropriate if the plaintiff demonstrates that this evidence "is both 'new' and 'material,' as those terms are used in the statute[,]" and that there was "good cause" for her "failure seasonably to have offered the evidence." Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 139 (1st Cir. 1987). This court finds that the plaintiff has satisfied this standard, and that a remand is warranted under the facts of this case.

### Newness/Materiality

"In order for the evidence submitted by Plaintiff to be deemed 'new' within the meaning of the Act, the evidence must not have been contained within the administrative record at the time the ALJ rendered [her] decision." Gullon v. Astrue, No. 11-099ML, 2011 WL 6748498, at *9 (D.R.I. Nov. 30, 2011) (slip op.). Additionally, "[u]nder 42 U.S.C. § 405(g), remand is appropriate only where the court determines that further evidence is necessary to develop the facts of the case fully, that such evidence is not cumulative, and that consideration of it is essential to a fair hearing." Evangelista, 826 F.2d at 139. "The mere existence of evidence in addition to that submitted before the hearing examiner will not constitute sufficient cause for remand. Rather, to qualify under the new/material standard, the discovered data must be meaningful – neither pleonastic nor irrelevant to the basis for the earlier decision." Id. at 139-40 (internal citation omitted).

The treatment records that Colon Rivera submitted to the court during the hearing on the parties' motions meet these requirements. As detailed above, those records were

not previously obtained by or submitted to the SSA, and were not part of the administrative record before the ALJ. Moreover, they are not cumulative of other evidence that is contained in the administrative record. Unlike the newly proffered materials, none of the evidence in the record before the ALJ described the treatment that Colon Rivera received for the knee injury that she allegedly sustained in June 1998.

The Commissioner argues that the proffered materials are not relevant because they largely post-date the time when the plaintiff was last insured. (Def. Mem. (Docket No. 25) at 8). This court disagrees. "'An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previous non-disabling condition.'" Gullon, 2011 WL 6748498, at *10 (quoting Beliveau ex rel. Beliveau v. Apfel,154 F. Supp. 2d 89, 95 (D. Mass. 2001)) (alteration omitted). Here, however, the proffered evidence specifically concerns treatment for an injury that the plaintiff contends she sustained during the time period when she was insured. Furthermore, the new evidence is relevant to the issue whether the plaintiff suffered a disabling condition as of her last insured date of December 31, 1998. For example, but without limitation, the records show that Dr. Abate met with the plaintiff on September 15, 1998, prior to the date when she was last insured, and diagnosed her with "[t]raumatic derangement [of the] left knee." (Ct. Pkg. Jul. 9, 1998 - Jan. 5, 1999, p. 4). Additionally, Dr. Abate described Colon Rivera as having "persistent swelling, limping and incomplete extension of 3 months duration," and noted that she was suffering from "Total" disability.

(Id.).  Moreover, on January 5, 1999, just five days after the date when Colon Rivera was last insured, the plaintiff complained to Dr. Abate that she was unable to stand for more than 15 minutes at a time, and was unable to perform the regular duties of her employment.  (Id. at p. 7).  Accordingly, this court finds that the records are relevant to a determination as to whether the plaintiff's knee injury rendered her disabled within the meaning of the Social Security Act as of December 31, 1998.

The Commissioner's argument that a remand would be inappropriate because the new evidence would have no prospect of altering the ALJ's decision is similarly unper-suasive.  (See Def. Mem. at 9).  A "remand is indicated only if, were the proposed new evidence to be considered, the [Commissioner's] decision 'might reasonably have been different.'"  Evangelista, 826 F.2d at 140 (quoting Falu v. Sec'y of Health & Human Servs., 703 F.2d 24, 27 (1st Cir. 1983)).  In the instant case, the ALJ acknowledged the plaintiff's claim that she was unable to work due to a left knee injury, but also relied on the fact that there was no evidence before her to substantiate that claim.  (See Dec. 5-6; Tr. 14-15).  The ALJ should be given the opportunity to consider the previously missing medical records, including Dr. Abate's records indicating that Colon Rivera's knee injury was interfering with her ability to stand and perform her job, and records showing that Colon Rivera ultimately had to undergo knee surgery, before determining whether Colon Rivera was disabled.  Therefore, the new evidence is material and should be considered by the ALJ upon remand.

**Good Cause**

This court also concludes that under the circumstances presented here, the plaintiff had good cause for failing to submit the treatment records to the ALJ. As an initial matter, the record demonstrates that Colon Rivera has a limited command of English, and that she had difficulties with comprehension, coherency, concentration, and talking during her interactions with SSA staff. (See Tr. 159-60, 198-99). Moreover, it appears that her limitations impeded her ability to communicate effectively not only with SSA staff, but also with the attorneys who represented her during the administrative proceedings. Given that the plaintiff apparently was unable to convey basic information regarding the nature and scope of her claim, her failure to insure that her counsel submitted the relevant treatment records, or to confirm that the SSA had obtained the records on its own, should not preclude her from having her claim considered by the ALJ on the merits.

Moreover, even though the plaintiff was represented by counsel at the hearing, the ALJ could have explored Colon Rivera's allegation that she was disabled as a result of the 1998 injury to her left knee. The First Circuit has "long recognized that social security proceedings 'are not strictly adversarial.'" Evangelista, 826 F.2d at 142 (quoting Miranda v. Sec'y of HEW, 514 F.2d 996, 998 (1st Cir. 1975)). Accordingly, the court has "made few bones about [its] insistence that the [Commissioner] bear a responsibility for adequate development of the record in these cases." Id. As the court has stated,

> "this responsibility increases in cases where the [claimant] is
> unrepresented, where the claim itself seems on its face to be
> substantial, where there are gaps in the evidence necessary to a

> reasoned evaluation of the claim, and where it is within the power of
> the administrative law judge, without undue effort, to see that the
> gaps are somewhat filled – as by ordering easily obtained further or
> more complete reports or requesting further assistance from a social
> worker or psychiatrist or key witness."

Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991) (quoting Currier v. Sec'y of

Health, Educ. & Welfare, 612 F.2d 594, 598 (1st Cir. 1980)).  In the instant case, the ALJ

noted that there was a gap in the medical evidence concerning the treatment for Colon

Rivera's 1998 left knee injury.  (See Tr. 15, 42-43).  However, due to an apparent failure

of communication, no steps were taken to obtain the missing information, even though

the identity of the treatment providers were known.  Cf. Evangelista, 826 F.2d at 142-43

(no good cause shown where ALJ "was solicitous in attempting to assist the plaintiff[,]"

offered plaintiff time to supplement the record, and offered to hold record open so

plaintiff could submit more reports).  This court finds that such records were essential to

a fair hearing in this case.  Accordingly, this court concludes that good cause exists for a

remand so that the ALJ may consider the merits of Colon Rivera's claim that she was

disabled due to her June 1998 knee injury.

## IV.  CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to

whom this case is assigned that the "Defendant's Motion for Judgment Affirming the

Commissioner's Decision" (Docket No. 24) be DENIED, and that the plaintiff's motion

to reverse the Commissioner's decision (Docket No. 14) be ALLOWED IN PART and

DENIED IN PART.  Specifically, this court recommends that the matter be remanded to

the ALJ for consideration of medical records relating to Colon Rivera's June 23, 1998 knee injury, and for a determination as to whether Colon Rivera was disabled, as of the date when she was last insured, as a result of that knee injury.[8]

　　　　　　　　　　　　　　／ s ／ Judith Gail Dein
　　　　　　　　　　　　　　Judith Gail Dein
　　　　　　　　　　　　　　U.S. Magistrate Judge

---

[8] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).